## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 29 2016, 9:07 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Paul J. Podlejski
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Marjorie Newell
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Steven D. Parks,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 29, 2016

Court of Appeals Case No.
48A05-1604-CR-821

Appeal from the Madison Circuit Court

The Honorable Angela Warner Sims, Judge

Trial Court Cause No.
48C01-1504-F6-640

**Baker, Judge.**

[1] Steven Parks appeals his conviction for Level 6 Felony Theft,[1] arguing that there is insufficient evidence supporting his conviction. Finding the evidence sufficient, we affirm.

## Facts

[2] On April 28, 2015, around 6:00 p.m., Parks entered a Kohl's department store. He browsed the athletics section and took twelve items of apparel—three tank tops, five pairs of shorts, and four shirts—back to a fitting room. Several of these items were duplicates of each other. A loss prevention officer followed Parks and stood near the fitting room door. Ten minutes after he entered the fitting room, Parks emerged with some clothes, none of which were duplicates of each other. The loss prevention officer looked in the fitting room and observed only a Nike tag on the ground. Parks walked over to a rack and hung up one tank top, three pairs of shorts, and three shirts, and then made his way toward the exit. Security cameras captured all of Parks's activities in the store, with the exception of what he was doing inside the fitting room. State's Ex. 1.

[3] The loss prevention officer caught up to Parks as Parks left the store and asked him to return any merchandise he took. Parks said, "I don't have anything of yours on me," and left on his bicycle. Tr. p. 201. The store called the police and showed them the surveillance footage. Roughly thirty minutes later, the police found Parks and arrested him. They took him back to the store where

[1] Ind. Code § 35-43-4-2.

employees identified him. The police did not find any of the missing clothes in Park's possession.

[4] The next day, the State charged Parks with theft as a Class A misdemeanor and theft as a Level 6 felony. On February 18-19, 2016, a bifurcated jury trial was held. First, the jury found Parks guilty of misdemeanor theft. Second, the jury found that, because he had prior convictions for conversion and attempted theft, his misdemeanor theft conviction should be enhanced to a Level 6 felony. On March 14, 2016, the trial court sentenced Parks to 910 days imprisonment. Parks now appeals.

## Discussion and Decision

[5] Parks's sole argument on appeal is that there is insufficient evidence supporting his conviction. When reviewing the sufficiency of the evidence supporting a conviction, we will neither reweigh the evidence nor assess witness credibility. *Harbert v. State*, 51 N.E.3d 267, 275 (Ind. Ct. App. 2016). We will consider only the evidence supporting the judgment and any reasonable inferences that may be drawn therefrom, and we will affirm if a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

[6] To convict Parks of Level 6 felony theft, the State was required to prove beyond a reasonable doubt that he "knowingly or intentionally exert[ed] unauthorized control over property of another person, with intent to deprive the other person

of any part of its value or use," and then that he had a prior unrelated conviction for theft or criminal conversion. I.C. § 35-42-4-2(a)(1)(C).[2]

[7] At trial, the State presented the security footage from the store, which shows Parks taking twelve pieces of clothing back to a fitting room. After a few minutes, he emerges from the fitting room with seven pieces of clothing, which he quickly hangs on a rack before heading straight for the exit. Moreover, while he took several duplicates into the fitting room, none of the clothes he hangs back on the rack were duplicates. Finally, the loss prevention officer testified that there were not any clothes left in the fitting room.

[8] Parks stresses the fact that the police did not find the missing clothing on his person. But the police only located him half an hour after he left the store. A reasonable jury could certainly have inferred that Parks put the clothes on under his outerwear, left the store wearing the stolen apparel, and then deposited the clothes somewhere else before the police caught him.

[9] Since the security footage clearly shows Parks leaving the fitting room holding fewer clothes than when he entered it, his argument amounts to a request that we discount the testimony of the loss prevention officer that the missing clothes were not left in the fitting room. Because the weighing of evidence and

---

[2] On appeal, Parks does not challenge the finding that he had previous convictions for theft or conversion.

testimony is a task left to the factfinder, this is a request that we must deny. The evidence is sufficient to support Parks's conviction.

[10]     The judgment of the trial court is affirmed.


Mathias, J., and Pyle, J., concur.